UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **GRACEMARIE VENTICINQUE,** individually and on behalf of a class of similarly situated persons,<br><br>　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**BACK TO NATURE FOODS COMPANY, LLC,**<br>　　　　　　**Defendant.** | Case No. 22-CV-7497 (VEC)<br><br>**AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Gracemarie Venticinque ("Plaintiff") brings suit on behalf of herself and all persons similarly situated who purchased one or more packages of Back to Nature "Stoneground Wheat Crackers" (the "Product"). The Product is manufactured by Defendant and sold under the brand name "Back to Nature."  Defendant's branding and labeling of the Product conveys a message to consumers that is deceptive and misleading and therefore unlawful, namely, that the main flour of the Product is whole wheat flour. In fact, the Product's main flour in not whole wheat flour, but rather unbleached enriched wheat flour. Plaintiff and all class members were harmed by paying more to purchase the Product than they would have been willing to pay had it not been misrepresented by Defendant.

**PARTIES**

1. Plaintiff Venticinque is an individual who resides in the Bronx, New York who, during the Class Period, bought the Product at a retail store in the Bronx, New York after seeing the "Organic Whole Wheat Four" representation on the front of the Product package. Based on this representation, Plaintiff believed the Product's main flour was organic whole wheat flour. Had Plaintiff know the truth that whole wheat flour is not the main flour in the Product (but rather, unbleached enriched wheat flour is the main flour), she would not have paid less for the Product.

2. Defendant Back to Nature Foods Company, LLC, is organized under the laws of the State of Delaware, with a principal place of business located at Four Gatehall Drive, Parsippany, New Jersey 07054.

3. On information and belief, B&G Foods, Inc. is one of, if not the only, member of Defendant. B&G Foods, Inc. is incorporated under the laws of the State of Delaware, with a principal place of business located at Four Gatehall Drive, Parsippany, New Jersey 07054.

**JURISDICTION AND VENUE**

4.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2)(A), the Class Action Fairness Act ("CAFA"), as the matter in controversy exceeds the sum of $5,000,000 (five million dollars) exclusive of interest and costs, and at least one member of the putative class is a citizen of a state different from Defendant. Specifically, Plaintiff is a resident of New York while at least one of Defendant's members is a resident of Delaware and New Jersey. Further, Defendant is an unincorporated association under 28 U.S.C. § 1332(d)(10), and therefore a resident of Delaware and New Jersey for purposes of diversity jurisdiction under CAFA. None of the exceptions of 28 U.S.C. §1332(d) are applicable.

5.      This Court has personal jurisdiction over Defendant because it conducts and transacts business within the District, and contracts to supply and supplies food products within the District by, among other things, marketing, advertising, and selling the Product.[1] Further, Plaintiff's claims arise out of Defendant's conduct within the District.

6.      Venue is proper because Plaintiff and many class members reside in this District, Defendants do business in this District and in New York, and a substantial part of the events giving rise to the claims occurred in this District.

---

[1] By way of a few examples, according to Defendant's website, the Products may be purchased at: Rite Aid, 741 Columbus Avenue, New York, New York; Stop & Shop, 5716 Broadway, the Bronx, New York; Foodtown, 5555 Broadway, the Bronx, New York; Acme Market, 660 McLean Ave, Yonkers, New York; Morton Williams Supermarkets, 15 E Kingsbridge Rd, the Bronx, New York; as well as multiple other locations within the District.

**STATEMENT OF FACTS**

**A. Defendant's labeling conveys to reasonable consumers that the Product's main flour is organic whole wheat flour, a message that is materially misleading.**

7. The Product is a snack cracker that is distributed and sold throughout the United States. The package is shown here:



8. The front of the Product packaging states in bold print: "ORGANIC WHOLE WHEAT FLOUR":



9.     This statement is deceptive and misleading to consumers, as it conveys that organic whole wheat flour is the main type of flour in the Product.

10.    Unfortunately for consumers, the main flour in the Product is "organic unbleached enriched wheat flour," which is not whole wheat flour. *Compare* 21 C.F.R. § 137.165 *with* 21 C.F.R. § 137.200. Whole wheat flour contains the full wheat kernel, consisting of the bran, endosperm, and germ. In stark contrast, enriched flour does not. *See* 21 C.F.R. § 137.165 (following §137.105); 21 C.F.R. § 137.105(a).

B. **<u>Defendant's unlawful labeling causes economic harm to consumers</u>**

11.    As set forth above, Defendant's labeling of the Product is designed to – and does – deceive and mislead consumers. Defendant's deceptive and misleading labeling of the Product has enabled Defendant to sell more Products than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

5

12. As direct and proximate results of Defendant's deceptive and misleading representations, Defendant injured Plaintiff and the Class members in that they:

   a. Paid a premium price for the Product, which was not what Defendant represented;

   b. Were deprived of the benefit of the bargain because the Product they purchased was different from what Defendant represented;

   c. Were deprived of the benefit of the bargain because the Product they purchased had less value than what Defendant represented; and

   d. Purchased a Product that was of an inferior quality than what Defendant promised.

13. The Product costs more than similar products that are not unlawfully labeled and, conversely, the Product would have cost less if labeled accurately. By way of example, on Amazon.com, a 6 ounce box of the Product costs $6.42, or $1.07 per ounce.[2] But a 12 ounce box of 365 Organic Golden Round Crackers—whose primary flour is also organic enriched wheat flour, but does not make the "organic whole wheat flour" claim—costs $4.29, or just $0.36 per ounce.[3]

---

[2] Amazon.com, Back to Nature Crackers, Organic, Stoneground Wheat, 6 Oz, https://www.amazon.com/Back-Nature-Organic-Stoneground-Crackers/dp/B00IVT3SY2/ref=asc_df_B00IVT3SY2/?tag=hyprod-20&linkCode=df0&hvadid=312130924535&hvpos=&hvnetw=g&hvrand=7743162924619538496&hvpone=&hvptwo=&hvqmt=&hvdev=c&hvdvcmdl=&hvlocint=&hvlocphy=9019673&hvtargid=pla-585602440268&psc=1 (last visited August. 26, 2022).

[3] Amazon.com, 365 By Whole Foods, Crackers Golden Round Organic, 12 Ounce, https://www.amazon.com/365-Organic-Golden-Round-Crackers/dp/B09H3YCZF1/ref=sr_1_5_f3_0o_fs?crid=3HOZOSDVVFOPJ&keywords=organic+crackers&qid=1661360624&sprefix=organic+crackers%2Caps%2C120&sr=8-5 (last visited August, 26, 2022).

14. Because of Defendant's deceptive and misleading labeling, the Product is worth less than what Plaintiff and class members paid to purchase it.

15. Had Defendant not made the deceptive and misleading representations, Plaintiff and the Class members would not have been willing to pay the same amounts for the Products they purchased.

16. Plaintiff and the Class members paid for a Product whose main flour they reasonably believed to be whole wheat flour, but they did not receive what they paid for. The Product Plaintiff and the Class members received was worth less than the Product for which they paid.

17. Based on Defendant's misleading and deceptive representations, Defendant was able to, and did, charge a premium price for the Product over the cost of competitive products that did not claim to be made mainly of whole wheat flour.

18. Plaintiff and the Class members all paid money for the Product. However, Plaintiff and the Class members did not obtain the full value of the Product due to Defendant's misrepresentations. Plaintiff and the Class members paid more for the Product than they would have had they known the truth about the Product. Consequently, Plaintiff and the Class members have suffered injury in fact and lost money as a result of Defendant's wrongful conduct.

C. **Facts pertaining to Plaintiff**

19. In the years preceding this action, Plaintiff made several purchases of the Product for her own use. Many, if not most, of these purchases were made in stores in the Bronx, New York.

20. Plaintiff purchased and consumed the Product because, based on Defendant's labeling, she believed that whole wheat flour was the main flour in the Product.

21.     Plaintiff was economically harmed by Defendant's deceptive and misleading labeling. The true value of the crackers that Plaintiff purchased were materially less than their value as misrepresented by Defendant.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this case as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) on behalf of herself and a class defined as follows:

> All persons who purchased the Product within New York for personal, family, or household use within three years of the filing of this Complaint. ("Class")

23.     While Plaintiff is presently unaware of the current number of sales, based on the ubiquity of the Product in retail stores in New York there are likely tens of thousands of Class members. The Class is sufficiently numerous such that joinder is impracticable.

24.     There are issues of law and fact common to the Class, which common issues predominate over any issues specific to individual class members. The principal common issues include: whether Defendant's conduct as alleged is consumer oriented; whether the prominence of the "organic whole wheat flour" statement is materially misleading; whether Defendant's conduct constitutes the violations of law alleged herein; whether Plaintiff and class members are entitled to the relief requested. All class members were subjected to the same unlawful conduct, as they all saw the same labeling of the Product and all purchased the Product.

25.     Plaintiff's claims are typical of the claims of class members. Plaintiff and all class members purchased the Product that, for all intents and purposes, were identically labeled so as to mislead and deceive consumers. All claims are based on the same legal theories, and all arise from the same course of conduct.

26.     Plaintiff will adequately and fairly protect the interests of all class members. Plaintiff is committed to a vigorous and successful prosecution of this action, is familiar with the

legal and factual issues involved, and has retained counsel experienced in the litigation of false labeling and false advertising cases, including cases making claims similar to those asserted here. Neither Plaintiff nor counsel have any interest or conflict that might cause them to not vigorously pursue this action.

27. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since: (a) the economic harm suffered by any individual class member is likely not substantial, hence the expense and burden of individual litigation would be economically unfeasible; and (b) the prosecution of separate lawsuits by individual class members would entail the risk of inconsistent and conflicting adjudications that could establish conflicting standards of conduct for Defendant; and (c) there will be no unusual or extraordinary management difficulties in administering this case as a class action.

28. Defendant acted on grounds generally applicable to the class with respect to the matters alleged herein, thereby making the relief appropriate with respect to the class as a whole.

**CAUSES OF ACTION**
**FIRST CAUSE OF ACTION**
**VIOLATION OF NEW YORK GBL § 349**
(On Behalf of Plaintiff and Other Class Members)

29. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

30. New York General Business Law Section 349 ("GBL § 349") declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state . . ."

31. The conduct of Defendant alleged herein constitutes recurring, "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff and the other Class Members seek monetary damages.

32. Defendant misleadingly and deceptively represents the Product to consumers.

33. Defendant's unlawful consumer-oriented conduct is misleading in a material way because Plaintiff and the other class members believed that the Product's main flour was "organic whole wheat flour" when it was not.

34. Plaintiff and other Class Members paid a premium for the Product.

35. Defendant made its deceptive and misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

36. Plaintiff and other Class Members have been injured inasmuch as they, having viewed the Product label, paid a premium for the Product which, contrary to Defendant's representation, was misleading and deceptive. Accordingly, Plaintiff and other Class Members paid more than what the Product the bargained and received was worth.

37. Defendant's conduct as alleged herein constitutes a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a) and Plaintiff and other members of the Class have been damaged thereby.

38. As a result of Defendants' recurring deceptive acts and practices, Plaintiff and other Class Members are entitled to monetary and compensatory damages, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs. This includes actual damages under GBL § 349, as well as statutory damages of $50 per unit purchased pursuant to GBL § 349.

### SECOND CAUSE OF ACTION
### VIOLATION OF NEW YORK GBL § 350
(On Behalf of Plaintiff and Other Class Members)

39. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

40. N.Y. Gen. Bus. Law § 350 provides, in part, as follows:

> False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful.

41. N.Y. Gen. Bus. Law § 350a(1) provides, in part, as follows:

> The term 'false advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions proscribed in said advertisement, or under such conditions as are customary or usual . . .

42. Defendant's labeling contains an deceptive and materially misleading statement concerning its Product inasmuch as it misrepresents that the Product's main flour is whole wheat flour when it is not.

43. Plaintiff and other Class Members have been injured inasmuch as they, having viewed Defendant's label, paid a premium for the Product. Plaintiff and other Class Members paid more than what the Product they bargained for and received was worth.

44. Defendant engaged in its unlawful conduct as alleged herein willfully, wantonly, and with reckless disregard for the truth.

45. Defendant's misrepresentations are evident on the packaging of the Product.

46. Defendant's material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large. Moreover, all consumers purchasing the Product were and continue to be exposed to Defendant's unlawful conduct.

47. As a result of Defendant's recurring, acts and practices in violation of GBL § 350, Plaintiff and class members are entitled to monetary and compensatory damages, restitution and disgorgement of all monies obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs, as well as statutory damages of $500 per Product purchased.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the members of the Class request that this Honorable Court:

(i) enter an order certifying the proposed Class under Federal Rule of Civil Procedure 23(a) and (b)(3), as set forth above;

(ii) enter an order declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

(iii) issue judgment declaring that Defendant has committed the violations of law alleged herein;

(iv) issue judgment awarding statutory damages in the maximum amount for which the law provides;

(v) issue judgment awarding monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount that the Court or jury will determine, in accordance with applicable law;

(vi) issue judgment providing for any and all equitable monetary relief the Court deems appropriate;

(vii) issue judgment awarding punitive or exemplary damages in accordance with proof and in an amount consistent with applicable precedent;

(viii) issue judgment awarding Plaintiff her reasonable costs and expenses of suit, including attorneys' fees;

(ix) issue judgment awarding pre- and post-judgment interest to the extent the law allows; and

(x) awarding such further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests jury trial on all claims so triable.

Date: September 13, 2022         Respectfully submitted,

**REESE LLP**

  */s/ Charles D. Moore*
Charles D. Moore
100 South 5th Street, Suite 1900
Minneapolis, Minnesota 55402
Telephone: 212-643-0500
Email: *cmoore@reesellp.com*

**REESE LLP**
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Email:  *mreese@reesellp.com*

**QUAT LAW OFFICES**
Kenneth D. Quat (to be admitted *pro hac vice*)
373 Winch Street
Framingham, Massachusetts 01701
Telephone: (508) 872-1261
Email: *ken@quatlaw.com*

*Attorneys for Plaintiff and the Proposed Class*