USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __8/8/2023__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ X
GRACEMARIE VENTICINQUE, individually          :
and on behalf of a class of similarly situated  :                 22-CV-7497 (VEC)
persons,                                        :
                                                :            OPINION AND ORDER
                                    Plaintiff,   :
              -against-                          :
                                                :
                                                :
BACK TO NATURE FOODS COMPANY, LLC,              :
                                                :
                                    Defendant.   :
                                                :
------------------------------------------------------------ X
```

VALERIE CAPRONI, United States District Judge:

Plaintiff Gracemarie Venticinque ("Plaintiff") brings this putative class action against Back to Nature Foods Company, LLC, a manufacturer of plant-based snacks. *See* Am. Compl., Dkt. 7 ("FAC"). Plaintiff claims that Defendant misled her and other consumers into believing that its "Stoneground Wheat Cracker" (the "Product") contains primarily whole wheat flour as opposed to enriched wheat flour. *See* FAC ¶¶ 9–10. Plaintiff brings claims for deceptive practices and false advertising under New York General Business Law §§ 349–50 ("NYGBL"). Defendant has moved to dismiss Plaintiff's claims. *See* Def. Mem., Dkt. 25. For the reasons that follow, Defendant's motion is GRANTED.

## BACKGROUND[1]

Plaintiff Venticinque, a resident of Bronx, New York, purchased and consumed the Product "[i]n the years preceding this action" based on the belief that the Product's main flour ingredient was organic whole wheat flour. FAC ¶¶ 1, 19–20. The Product, manufactured by

---

[1] The Court accepts all well-pled factual allegations in the pleadings as true and draws all reasonable inferences in the light most favorable to the Plaintiff. *See Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013).

Defendant under the brand name "Back to Nature," contains whole wheat flour, but its main source of flour is "organic unbleached enriched wheat flour."  *See id.* ¶¶ 1, 7–10.  Plaintiff alleges that the reason she believed that the Product contained primarily whole wheat flour is based on the label on the front of the package of the Product, which states "ORGANIC WHOLE WHEAT FLOUR" at the bottom:



*Id.* ¶¶ 7–8.

Plaintiff alleges that the statement on the Product's package "is deceptive and misleading to consumers, as it conveys that organic whole wheat flour is the main type of flour in the Product." *Id.* ¶ 9.  Plaintiff further alleges that, had she known that the Product's main flour ingredient was enriched wheat flour rather than whole wheat flour, she would not have purchased it, or, more accurately, would not have purchased it at the price she was charged.  *See id.* ¶¶ 1, 12–13.[2]  This is because enriched wheat flour is "of an inferior quality" compared to whole wheat flour because whole wheat flour "contains the full wheat kernel, consisting of the bran, endosperm, and germ," whereas "enriched wheat flour does not." *Id.* ¶¶ 10, 12.

On September 13, 2022, Plaintiff filed an Amended Complaint alleging damages of more than $5,000,000 for one count of deceptive acts or practices in violation of New York General Business Law § 349 and one count of false advertising in violation of New York General Business Law § 350.  *See* FAC ¶¶ 4, 29–47.  On December 2, 2022, Defendant moved to dismiss for failure to state a claim and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(6) and 12(b)(1), respectively.  Def. Mot., Dkt. 24.

## DISCUSSION

### I.    Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). "Although for the purposes of a motion to dismiss we must take all of the factual allegations in

---

[2]    "By way of example, on Amazon.com, a 6 ounce box of the Product costs . . . $1.07 per ounce," whereas a 12-ounce box of a different cracker product "whose primary flour is also organic enriched wheat flour, but does not make the 'organic whole wheat flour' claim" "costs . . . $0.36 per ounce."  FAC ¶ 13.

the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[T]o survive a motion under Rule 12(b)(6), a complaint does not need to contain detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level." *Keiler v. Harlequin Enters., Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014) (citation omitted).

## II.    Defendant's Motion to Dismiss Is Granted

Defendant moves to dismiss Plaintiff's claims for failure to state a claim under Rule 12(b)(6) or, alternatively, for lack of subject matter jurisdiction under Rule 12(b)(1).  Def. Mem. at 1–2.  Because Plaintiff has not alleged facts from which the Court can infer that the label in question is materially misleading, Defendant's motion to dismiss is granted, and Plaintiff's claims are dismissed.

### A.    Deceptive Practices and False Advertising Under NYGBL §§ 349–50

To state a claim for false advertising or deceptive practices under New York law,[3] Plaintiff must allege adequately that (1) Defendant engaged in "consumer-oriented conduct" that is (2) deceptive or misleading in a material way, *i.e.*, likely to mislead a reasonable consumer acting reasonably under the circumstances, and (3) Plaintiff suffered injury as a result thereof. *Bynum v. Fam. Dollar Stores, Inc.*, 592 F. Supp. 3d 304, 310 (S.D.N.Y. 2022) (citing *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015)); *see also S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp.*, 84 F.3d 629, 636 (2d Cir. 1996).  The analysis requires "consider[ing] the

---

[3]    Section 349 of the New York General Business Law prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in [New York State]."  N.Y. Gen. Bus. Law § 349(a).  New York General Business Law § 350 states that "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."  N.Y. Gen. Bus. Law § 350.  "The standard for recovery under General Business Law § 350, while specific to false advertising, is otherwise identical to section 349."  *New World Sols., Inc. v. NameMedia Inc.*, 150 F. Supp. 3d 287, 330 (S.D.N.Y. 2015) (citing *Goshen v. Mutual Life Ins. Co.*, 774 N.E.2d 1190, 1195 n.1 (N.Y. 2002)).

challenged advertisement as a whole, including disclaimers and qualifying language." *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018) (citing *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013)). In other words, "context is crucial." *Id.* (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 742 (N.Y. 1995)).

In recent years, "courts in this Circuit have reasoned that '[i]f a plaintiff alleges that an element of a product's label is misleading, but another portion of the label would dispel the confusion,' the Court should inquire as to whether the allegedly misleading element is instead merely ambiguous." *Bynum*, 592 F. Supp. 3d at 310–11 (quoting *Sarr v. BEF Foods, Inc.*, 2020 WL 729883, at *4 (E.D.N.Y. Feb. 13, 2020)); *see also Melendez v. ONE Brands, LLC*, 2020 WL 1283793, at *7 (E.D.N.Y. Mar. 16, 2020) ("[A]ny potential ambiguity created by the front label regarding the bars' carbohydrate and caloric contents is readily clarified by the back panel of the bars' packaging, which lists the amount of carbohydrates and calories in each bar."); *Warren v. Whole Foods Mkt. Grp., Inc.*, 574 F. Supp. 3d 102, 117 (E.D.N.Y. 2021) (holding that even when there are multiple readings of an ambiguous term on a package label, "the ingredient label would set plaintiffs straight"). Although consumer deception is a matter of fact often left for the jury, "[it] is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink*, 714 F.3d at 741. Thus, if the ambiguity can easily be resolved by viewing the ingredient label, then a reasonable consumer would not have been misled and the claim fails.

**B.    Plaintiff Fails to Allege Adequately that a Reasonable Consumer Would Be Misled**

Defendant argues that Plaintiff fails plausibly to plead that she was materially misled into purchasing the Product for years based solely on her belief that the Product's primary flour content was whole wheat rather than enriched wheat flour. Def. Mem. at 5–6. But even if

Plaintiff's allegations were plausible, Plaintiff's claim fails because the Court finds that the

Product's packaging would not mislead a reasonable consumer into believing that whole wheat

four was the primary flour ingredient: it does not contain "a prominent label that is unambiguous

or misleading;" rather, at best, the label "is ambiguous, but the ambiguity is resolved by

reference to the list of ingredients or a Nutrition Facts panel." *Boswell v. Bimbo Bakeries USA,*

*Inc.*, 570 F. Supp. 3d 89, 94 (S.D.N.Y. 2021)*.*

Plaintiff argues that *Mantikas* is "materially indistinguishable" and supports her position

that she has adequately stated a claim.  Pl. Opp. at 6, Dkt. 26.  *Mantikas* involved a box of

"Cheez-It" crackers on which, in large, bold letters appeared the words "WHOLE GRAIN" (or,

in an alternative version, "MADE WITH WHOLE GRAIN"), embedded behind an enlarged

graphic of a Cheez-It cracker within the top half of the front of the package.




*Mantikas*, 910 F.3d at 635.

Critically, the *Mantikas* court noted that the plaintiffs had adequately alleged "that the

conspicuous . . . claims on the front and center of the Defendant's packaging  communicates to

the reasonable consumer the false message that the grain content of the crackers is exclusively, or

at least predominantly whole grain;" and that such claims were not "effectively cured by

implicitly disclosing the predominance of enriched white flour in small print on an ingredients list on the side of the package." *Id.* at 638–39.

By contrast, the Product's label of "WHOLE WHEAT FLOUR" is not so "conspicuous," nor is it "front and center" on the Product package. It is listed in much smaller print at the very bottom of the package, along with two other ingredients, "ORGANIC WHOLE BROWN FLAX SEED & SEA SALT," which arguably injects even more uncertainty into the meaning behind the label:



FAC ¶ 8; *see also* Pl. Opp. at 2.

Thus, Plaintiff's argument that *Mantikas* involved "substantially similar facts" and that this Court should, like the Second Circuit did, reject Defendant's arguments for dismissal, is wholly mistaken. Pl. Opp. at 1, 4–6. A reasonable consumer would be able to interpret the label in context: the crackers are called "Stoneground Wheat Crackers," a name which does not specify whole wheat; and at the bottom of the box three distinct ingredients appear in smaller

print — including "organic whole wheat flour" — in what is clearly a non-exhaustive list of ingredients. *See* Def. Mem. at 7.  At best, a reasonable consumer would find the label ambiguous as to whether the Product's primary source of flour was whole wheat rather than enriched wheat flour. *Cf. Kennedy v. Mondelez Glob. LLC*, 2020 WL 4006197, at *12–13 (E.D.N.Y. 2020) (holding that "made with real honey" is not misleading even though honey was not the exclusive sweetener).  A simple tilt of the package would reveal the full list of ingredients and dispel the confusion.

In short, Plaintiff has failed to allege adequately that a reasonable customer would be misled by the label on the Product.  Her claims are, therefore, dismissed.[4]

## II.     Plaintiff Is Denied Leave to Amend

Plaintiff alternatively moves to amend her complaint a second time to cure the deficiencies. *See* Pl. Opp. at 25.  Leave to amend a complaint should be "freely given when justice so requires."  Fed. R. Civ. P. 15(a).  While the usual practice upon granting a motion to dismiss is to allow leave to replead, a court may dismiss without leave to amend when, as here, amendment would be futile. *See Martin v. Dickson*, 100 F. App'x 14, 16 (2d Cir. 2004) (affirming denial of leave to amend on grounds of futility).

Although the allegations may change, the Product's label remains the same as it was when Plaintiff allegedly purchased it: ambiguous, at best, as to the Product's primary source of flour.  Accordingly, Plaintiff's motion for leave to amend is denied.

---

[4]        Because the Court finds that Plaintiff fails to state a claim, it does not reach Defendant's arguments regarding injury or pre-emption under the Nutrition Labeling and Education Act.

## CONCLUSION

For all the foregoing reasons, Defendants' motion is GRANTED; Plaintiff's claims are

DISMISSED with prejudice.  The Clerk of Court is respectfully directed to terminate all open

motions and deadlines and to CLOSE this case.

**SO ORDERED.**

**Date:  August 8, 2023**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**