UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

Gracemarie Venticinque, et al.

_____

                                     Plaintiff(s),

                     -v-

Back to Nature Foods Company, LLC

_____

                                     Defendant(s).
------------------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 9/27/2024

22 -CV- 7497 (VEC)

CIVIL CASE
MANAGEMENT PLAN
AND SCHEDULING
ORDER

     This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.    All parties [consent _____ / do not consent X_____] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed. In addition, they shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf, within three days of submitting this Proposed Case Management Plan and Scheduling Order.*]

2.    Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Practices in Civil Cases ("Individual Practices"), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30* days from the date of this Order. [*Absent exceptional circumstances, a date not more than 30 days following the initial pretrial conference.*] *Plaintiff's position. Defendant's position is that, because Plaintiff filed an amended complaint, ECF 7, no further amendments should be permitted.

3.    Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 14 days from the date of this Order. [*Absent exceptional circumstances, a date not more than 14 days following the initial pretrial conference.*]

4.    [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than not applicable _____.

5.    Discovery

$\boxed{\text{October 1, 2025}}$

   a.  All fact discovery shall be completed no later than <u>270 days from the date Defendant files its Answer</u>.* [*A date not more than 90 days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

*Plaintiff's position.  Defendant's position is that fact discovery should conclude 360 days following a denial of a motion to dismiss.

   b.  All expert discovery, including reports, production of underlying documents, and $\boxed{\text{December 31, 2025}}$ depositions, shall be completed no later than <u>360 days from the date Defendant files its Answer</u>.**[*Absent exceptional circumstances, a date not more than 45 days from the date in paragraph 5(a) (i.e., the completion of all fact discovery).*] ~~**Plaintiff's position.  Defendant's position is that expert reports be due 14 days after close of fact discovery, rebuttal reports 21 days after expert reports, and expert discovery close 30 days after rebuttals are due~~.

   c.  Within two weeks of the date of entry of this Scheduling Order, the parties shall meet and confer in person to agree upon a joint plan for meeting the discovery deadlines.

   d.  In the case of discovery disputes, the parties should follow Local Civil Rule 37.2 with the following modifications:  Any party wishing to raise a discovery dispute with the Court **must first meet and confer in good faith** with the opposing party, in person, or by telephone, in an effort to resolve the dispute.  If this process fails and the Court's intervention is required, the parties must jointly call Chambers to schedule a joint teleconference with the Court for prompt resolution of the dispute.  The Court will determine during the teleconference whether additional submissions will be required.

6.    Counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check all that apply):

   __          Immediate referral to the District's Mediation Program

   <u>X ***</u>       Immediate referral to a Magistrate Judge       ***Plaintiff's position

   <u>X****</u>       Referral to the District's Mediation Program after the close of fact discovery       ****Defendant's position

   _____       Referral to a Magistrate Judge after the close of fact discovery

   _____       Other

7.    This case [is <u>X</u> / is not _____] to be tried to a jury.

8.    Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

Whether discovery will be bifurcated;

Whether the parties should be allowed to serve interrogatories described in L.R. 33.3(b) & (c) from the outset of the action;

The need for   a general protective order or ESI protocol;

Whether discovery will be stayed pending resolution of a motion to dismiss.

2

9.    This Order may not be modified or the dates herein extended except by further Order of the Court for good cause shown.  Unless the Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail.  Any application to modify or extend the dates herein shall be made by written application no later than two business days before the date sought to be extended in accordance with the Court's Individual Practices.

10.   The next pretrial conference is scheduled for __October 3, 2025__ at _____10:00 a.m.__ in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007.  [*Unless otherwise ordered, 10:00 a.m. on the first Friday after the deadline for completion of all fact discovery as set forth in paragraph 5(a).*]
By Thursday of the week prior to that conference, the parties shall submit a joint letter regarding the status of the case.  The letter should include the following information in separate paragraphs:

a.   a statement of all existing deadlines, due dates, and/or cut-off dates;

b.   a brief description of any outstanding motions;

c.   a brief description of the status of discovery and of any additional discovery that needs to be completed;

d.   a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

e.   a statement of the anticipated length of trial and whether the case is to be tried to a jury;

f.   a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony;

g.   any other issue that the parties would like to address at the pretrial conference; and

h.   any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

Counsel for the Parties:
Michael Robert Reese, Kenneth D. Quat, and Charles D. Moore for Plaintiff

David  Kwasniewski  for  Defendant


**SO ORDERED.**

**Date:**  September 27, 2024
        **New York, New York**

_____
        **VALERIE CAPRONI**
        **United States District Judge**

3