# REESE LLP

February 12, 2025

<u>Via CM/ECF</u>

Hon. Valerie Figueredo
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 17A
New York, NY 10007
T: (212) 805-0298

MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/18/25

Re:   *Venticinque v. Back to Nature Food Company LLC.*, No. 1:22-cv-7497

Dear Judge Figueredo:

We represent Plaintiff Gracemarie Venticinque ("Plaintiff") in the above action and write in accordance with Local Civil Rule 37.2 and Your Honor's Individual Rule II.C.2. to respectfully request a discovery conference on the issues described below. *See* Ex. 1. On January 24, 2025, from approximately 2:00 pm to 3:45 pm ET, I participated in a meet and confer video conference ("M&C") with Amelia Hritz and Laura Shapiro, who represent Defendant Back to Nature Food Company LLC ("Defendant"). Either through statements made at the M&C or a February 6, 2025 email from Defendant's counsel, all issues discussed herein are at an impasse.

*Background*

On September 1, 2022, Plaintiff filed this class action based on Defendant's misleading statement "Organic Whole Wheat Flour" ("Label Claim") on the front of its Back to Nature Stoneground Wheat Crackers ("Product"), because the main flour in the Product is unbleached enriched wheat flour instead of whole wheat flour. Plaintiff brought claims under New York General Business Law §§ 349 and 350 and seeks to represent a class of New York purchasers.

On August 8, 2023, the District Court granted Defendant's motion to dismiss the claims on the ground that no reasonable consumer could be deceived. *See* ECF No. 28. On July 12, 2024, the Second Circuit reversed this decision, and the case was remanded to this Court for further proceedings, including the taking of discovery. *See* ECF No. 31.

*Timeline for Production*

Despite the fact that Plaintiff served the discovery requests at issue on **November 1, 2024**, **no documents have been produced to date by Defendant**, and during the M&C Defendant stated that **it had not yet *begun to search* for documents**. When Defendant refused to provide a date when production would begin and when it would be complete, Plaintiff requested that production begin within two weeks, and be completed within two months. In the follow-up email, Defendant agreed to a rolling production that would begin in ten days (*i.e.*, Feb. 16th) but would not commit to a date for substantial completion before the close of fact discovery.

The Federal Rules make clear that "[t]he production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(B). Numerous courts have held that the responding party must give a timeline for the completion of production. *See, e.g., Daedalus Blue, LLC v. MircoStrategy Inc.*, 2021 WL 11709428, at *2 (E.D. Va. May 3, 2021) ("If a party suggests 'another reasonable time' for production, that response must indicate, among other things, 'a specific time, place and manner' to be considered a complete answer under Rule 34(b)"); *Granados v. Traffic Bar and Restaurant, Inc.*, 2015 WL 9582430, at *3 (S.D.N.Y. Dec. 30, 2015) (response that

Letter Requesting Discovery Conference
February 12, 2025
Page 2 of 4

defendants "were conducting a search for responsive documents" was "thoroughly deficient"); *Jayne H. Lee v. Flagstaff Ind. Corp.*, 173 F.R.D. 651, 656 (D. Md. 1997) ("a response to a request for production of documents which merely promises to produce the requested documents at some unidentified time in the future, without offering a specific time, place and manner, is not a complete answer as required by Rule 34(b) and, therefore, pursuant to Rule 37(a)(3) is treated as a failure to answer or respond").

Under the current schedule, fact discovery must be completed by October 1, 2025. ECF No. 41. To allow Defendant to sit on its production through the end of the discovery period would deprive Plaintiff of the ability to seek targeted follow-up discovery and utilize relevant documents in preparing for and taking depositions. It would also deprive Plaintiff of the ability to seek third-party discovery through subpoenas, which often first require seeking the information from the opposing party. Therefore, Plaintiff respectfully requests the Court order Defendant to substantially complete document production by April 30, which will be six months from the date of service of Plaintiff's requests.

1. <u>Time Period of Discoverable Information</u> - Defendant takes the position that it will not produce any documents that predate September 1, 2019 (*i.e.*, the start of the liability period). During the M&C, Plaintiff pointed out that numerous courts have ruled that relevant documents that predate the liability period are discoverable, and followed up by providing citations. Defendant claims these cases are distinguishable on the facts or as being out of circuit. During the M&C, Defendant also refused to produce any Product labels that postdate the filing of the action.

Numerous courts have held that "[i]nformation before the statute of limitations period may fall within the scope of discoverable information." *Hall v. Marriott Int'l Inc.*, 2021 WL 1906464, at *9 (S.D. Cal. May 12, 2021); *see In re: Coca-Cola Prod. Mktg. & Sales Pracs. Litig.* (No. II), No. 14-md-02555-JSW(MEJ), 2016 WL 6245899, at *6 (N.D. Cal. Oct. 26, 2016) ("Pre-class period discovery is often relevant, particularly in misleading advertising cases."). Here, for example, if the labels were created in 2018, then the internal discussions about why to put the Labeling Claim on the Product would be relevant, as would the marketing surveys that likely predate the creation of the label. Similarly, labels produced after the filing of the complaint are relevant as Plaintiff may seek a class period that extends through judgment. *See, e.g. Andrews v. Sazerac Co.*, 2025 WL 19312, at *10 (S.D.N.Y. Jan. 2, 2025), *later withdrawn*, (certifying a class "to the date of judgment"). In fact, at Plaintiff's deposition on January 30, 2025, Defendant introduced newer labels, thereby undermining their claim that such labels are not relevant.

Accordingly, Defendant's blanket cutoff dates are inappropriate, and Plaintiff is not in a position to determine when relevant information was obtained or created by Defendant (*e.g.*, when it conducted consumer and/or marketing surveys). Plaintiff respectfully requests the Court order Defendant to provide responsive documents and information regardless of the date they were created, including Product labels through the present.

2. <u>Request No. 3 – Product Ingredient Documents</u> - Document Request No. 3 seeks documents showing how each wheat ingredient is milled or produced. Defendant refuses to produce any such documents, arguing they are irrelevant. But Plaintiff's allegation is that the Product label is deceptive because whole wheat is not the main wheat in the Product, and per FDA regulations whole wheat flour is defined based on its production process. *See* 21 C.F.R. § 137.200(a) ("whole wheat flour. . . is the food prepared by so grinding cleaned wheat, other than durum wheat and red durum wheat, that when tested by the method prescribed in paragraph (c)(2)

of this section, not less than 90 percent passes through a 2.36 mm (No. 8) sieve and not less than 50 percent passes through a 850 μm (No. 20) sieve"). Plaintiff is entitled to know how the Product's ingredients have been produced to know whether any of them even classify as whole wheat, and to then determine what percentages of the wheat in the Product is whole wheat versus non-whole wheat. Plaintiff respectfully requests the Court order production of all responsive documents.

3.      *Request Nos. 14, 15, 17-19 – Documents and Communications of Consumers' Understanding and Potential Competitors* - These requests seek documents regarding consumers' understanding of the labels. Defendant refuses to produce anything that does not directly relate to the Product as well as whole wheat or unbleached wheat, or has refused to produce anything at all. But such documents are relevant beyond simply those two issues. For example, marketing surveys often reveal who the company believes are its competitors, which can in turn be used to determine a price premium injury. *See, e.g.,* Compl. ¶ 12. Equally important, communications about the surveys can reveal Defendant's beliefs about the surveys themselves (*e.g.,* whether they were poorly performed or underpowered).

Finally, Defendant argued that such documents are only discoverable if Defendant intends to rely on them in defense of Plaintiff's claims. But this ignores the clear language of Rule 26(b) which allows parties to "obtain discovery regarding any nonprivileged matter that *is relevant* to any party's claim or defense…." (emphasis added). Plaintiff is entitled to obtain any and all evidence that would rebut a defense Defendant may put forward in opposition to class certification, in connection with a summary judgment motion, or at trial. Moreover, it would prejudice Plaintiff to be forced to wait until such a defense is actually put forward—after the close of discovery—to try to get access to relevant documents by moving to reopen discovery. As such, Plaintiff respectfully requests the Court order production of all responsive documents.

4.      *Request No. 16 – Documents Regarding Target Demographic* - Defendant refused to produce any documents to this request, arguing it is not relevant because it has not raised demographics as a defense. However, this information can be critical in conducting a conjoint analysis to prove a premium price. *See Lytle v. Nutramax Labs*, 114 F.4th 1011, 1031-32 (9th Cir. 2024) (target demographic at issue in the sufficiency of conjoint analysis to determine damages in consumers class action). Equally, Plaintiff should not be required to wait for Defendant to raise the defense before she can seek discovery regarding it.

5.      *Request No. 34 and 35 – Employees with Relevant Information* - These requests seek documents that reveal the identities and positions of Defendant's employees who worked on or oversaw the creation and/or production of the Product. Defendant claims they have already disclosed this information in their initial disclosures. But it identify only a single individual, and such disclosures are by definition limited to persons "the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i).

These people are potential witnesses with relevant information, such as why certain phrases (*e.g.*, the Label Claim) were placed on the Product, why certain ingredients were selected, and whether Defendant charged more based on the Label Claim. Nothing limits Plaintiff to seeking such information from people other than those Defendant seeks to rely on. It is antithetical to the discovery process, and prejudicial to Plaintiff, to allow Defendant to act as a gatekeeper of discoverable information based on nothing more than who would support its side of the argument.

Letter Requesting Discovery Conference
February 12, 2025
Page 4 of 4

                                                   Respectfully submitted,

                                                   */s/ Charles D. Moore*
                                                   Charles D. Moore

cc:    All counsel of record, via CM/ECF

Application DENIED. This case has not been referred to Magistrate Judge Figueredo, as that was not jointly requested on the case management plan that the parties submitted. Pursuant to the Undersigned's Individual Rule 3(B), any party wishing to raise a discovery dispute with the Court must first meet and confer in good faith with the opposing party and if that process fails to resolve the dispute, then the parties must jointly call Chambers for a joint teleconference.

SO ORDERED.     2/18/25

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

*Venticinque v. Back to Nature Food Company LLC*, No. 1:22-cv-7497

***Plaintiff's Letter Motion Requesting Discovery Conference***

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRACEMARIE VENTICINQUE, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>BACK TO NATURE FOODS COMPANY, LLC<br><br>Defendant. | Case No: 1:22-cv-07497-VEC<br><br>**DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE** |

1

16. Defendant objects to Plaintiff's specified time period as beyond the statute of limitations. Defendant will generally limit responses to the period from September 1, 2019 to the present.

17. Defendant incorporates by reference in each of its specific responses and objections below, as if set forth fully therein, each and every one of its General Objections. Subject to and without waiving these objections, Defendant responds to Plaintiff's requests as follows:

## RESPONSES AND OBJECTIONS

### REQUEST FOR PRODUCTION NO. 1:

All documents, including but not limited to consumer surveys, concerning the Advertising and/or Marketing of the Product related to the wheat ingredients, including the phrases "whole wheat" and "stoneground."

### RESPONSES TO REQUEST FOR PRODUCTION NO. 1:

Defendant incorporates each of the General Objections as if set forth herein. Defendant objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous, including because Plaintiff does not claim to have been misled by the word "stoneground" or by any advertising or marketing other than the Product label. In addition, as "stoneground" is in the name of the cracker, the term will likely be included in the vast majority of documents regarding the Product and review of "[a]ll documents" related to the term will be oppressive. Defendant objects to this Request to the extent that the burden, expense, and intrusiveness of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of admissible evidence. Moreover, this Request is so broad and unlimited as to scope as to be oppressive, including in requesting "[a]ll documents." Defendant objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege doctrine, the attorney work-product doctrine, and/or any other available privilege or immunity doctrine.

Defendant further objects to this Request to the extent it seeks confidential financial, trade secret, proprietary, sensitive business or personal information.

Subject to and without waiving any of the foregoing objections, Defendant is willing to meet and confer with Plaintiff regarding appropriate limitations to Plaintiff's overbroad request.

**REQUEST FOR PRODUCTION NO. 2:**

Documents Sufficient to Show every ingredient used to make the Product and their respective quantities.

**RESPONSES TO REQUEST FOR PRODUCTION NO. 2:**

Defendant incorporates each of the General Objections as if set forth herein. Defendant objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous. Defendant objects to this Request to the extent that the burden, expense, and intrusiveness of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of admissible evidence. Moreover, this Request is so broad and unlimited as to scope as to be oppressive. Defendant further objects to this Request to the extent it seeks confidential financial, trade secret, proprietary, sensitive business or personal information.

Subject to and without waiving the foregoing Preliminary Statement, General Objections, and Specific Objections, Defendant responds as follows: Defendant will conduct a reasonable search to collect and produce non-privileged documents within its custody and control, to the extent they exist, sufficient to show the Product's ingredient list and respective quantities of those ingredients, subject to the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 3:**

Documents Sufficient to Show how each ingredient derived from wheat found in the Product is milled and/or is otherwise produced for inclusion in the Product.

**RESPONSES TO REQUEST FOR PRODUCTION NO. 3:**

Defendant incorporates each of the General Objections as if set forth herein. Defendant objects to this Request to the extent it seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence, including in requesting documents regarding "each ingredient,", which is vague and ambiguous. Defendant objects that the term "milled and/or is otherwise produced" renders this Request compound, vague, and ambiguous. Defendant objects to this Request to the extent that the burden, expense, and intrusiveness of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of admissible evidence. Moreover, this Request is so broad in scope as to be annoying and oppressive. Defendant further objects to this Request to the extent it seeks confidential financial, trade secret, proprietary, sensitive business or personal information.

Defendant will not produce documents responsive to this Request as written. Defendant will meet and confer with Plaintiff concerning any appropriate production.

**REQUEST FOR PRODUCTION NO. 4:**

Documents Sufficient to Identify the packaging for each version of the Product sold in the State of New York. If only one version of the packaging was ever used, you need only provide one example copy of that packaging. If there were any changes of any kind made to the packaging, you must produce one example copy of each version of the change.

**RESPONSES TO REQUEST FOR PRODUCTION NO. 4:**

Defendant incorporates each of the General Objections as if set forth herein. Defendant objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous, including because "packaging" is not defined and, other than the Product label, the packaging is not relevant to Plaintiff's claims. Defendant objects to this Request to the extent that the burden, expense, and intrusiveness of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of admissible evidence. Moreover, this Request is so broad and unlimited as to scope as to be annoying and oppressive. Defendant further objects to this Request to the extent it is duplicative of other requests.

Subject to and without waiving any of the foregoing objections, Defendant is willing to meet and confer with Plaintiff regarding appropriate limitations to Plaintiff's overbroad request.

Subject to and without waiving the foregoing Preliminary Statement, General Objections, and Specific Objections, Defendant responds as follows: Defendant will conduct a reasonable search to collect and produce responsive, non-privileged documents within its custody and control regarding consumer surveys or focus groups concerning consumer interpretation of the Product labeling and/or packaging with respect to the organic whole wheat flour representation from September 1, 2019 to the present, subject to the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 14:**

All Marketing studies, surveys, or research concerning the pricing and/or price of the Product since September 1, 2019.

**RESPONSES TO REQUEST FOR PRODUCTION NO. 14:**

Defendant incorporates each of the General Objections as if set forth herein. Defendant objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous. Defendant objects to this Request to the extent that the burden, expense, and intrusiveness of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of admissible evidence. Moreover, this Request is so broad in scope as to be annoying and oppressive. Defendant objects to this Request as it is duplicative of prior requests. Defendant further objects to this Request to the extent it seeks confidential financial, trade secret, proprietary, sensitive business or personal information.

Subject to and without waiving any of the foregoing objections, Defendant is willing to meet and confer with Plaintiff regarding appropriate limitations to Plaintiff's overbroad request.

**REQUEST FOR PRODUCTION NO. 15:**

All communications discussing any documents produced pursuant to Request 13.

**RESPONSES TO REQUEST FOR PRODUCTION NO. 15:**

Defendant incorporates each of the General Objections as if set forth herein. Defendant objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous.

Defendant objects to this Request to the extent that the burden, expense, and intrusiveness of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of admissible evidence. Moreover, this Request is so broad and unlimited as to time and scope as to be annoying and oppressive. Defendant objects to this Request as it is duplicative of prior requests. Defendant further objects to this Request to the extent it seeks confidential financial, trade secret, proprietary, sensitive business or personal information. Defendant objects to this Request on the grounds that the information and documents sought are not in existence or not within the possession of Defendant.

Subject to and without waiving any of the foregoing objections, Defendant is willing to meet and confer with Plaintiff regarding appropriate limitations to Plaintiff's overbroad request.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to identify the type or group of consumer(s) targeted for consumption of the Product.

**RESPONSES TO REQUEST FOR PRODUCTION NO. 16:**

Defendant incorporates each of the General Objections as if set forth herein. Defendant objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous. Defendant objects to this Request to the extent that the burden, expense, and intrusiveness of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent it seeks confidential financial, trade secret, proprietary, sensitive business or personal information. Defendant objects to this Request as it is duplicative of prior requests.

Defendant will not produce documents responsive to this Request as written. Defendant will meet and confer with Plaintiff concerning any appropriate production.

**REQUEST FOR PRODUCTION NO. 17:**

Documents discussing the factors and/or components of the Product that are important to consumers.

**RESPONSES TO REQUEST FOR PRODUCTION NO. 17:**

Defendant incorporates each of the General Objections as if set forth herein. Defendant objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous. Defendant objects to this Request to the extent that the burden, expense, and intrusiveness of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of admissible evidence. Moreover, this Request is so broad and unlimited in scope as to be annoying and oppressive. Defendant further objects to this Request to the extent it seeks confidential financial, trade secret, proprietary, sensitive business or personal information. Defendant objects to this Request as it is duplicative of prior requests.

Defendant will not produce documents responsive to this Request as written. Defendant will meet and confer with Plaintiff concerning any appropriate production.

**REQUEST FOR PRODUCTION NO. 18:**

All internal documents that compare the Product to any product(s) of any competitor(s).

**RESPONSES TO REQUEST FOR PRODUCTION NO. 18:**

Defendant incorporates each of the General Objections as if set forth herein. Defendant objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous. Defendant objects to this Request to the extent that the burden, expense, and intrusiveness of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of admissible evidence. Moreover, this Request is so broad and unlimited in scope as to be annoying and oppressive. Defendant objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege doctrine, the attorney work-product doctrine, and/or any other available privilege or immunity doctrine. Defendant further objects to this Request to the extent it seeks confidential financial, trade secret, proprietary, sensitive business or personal information.

Defendant will not produce documents responsive to this Request as written. Defendant will meet and confer with Plaintiff concerning any appropriate production.

**REQUEST FOR PRODUCTION NO. 19:**

Documents Sufficient to Identify the product(s) You view as competitors to the Product.

**RESPONSES TO REQUEST FOR PRODUCTION NO. 19:**

Defendant incorporates each of the General Objections as if set forth herein. Defendant objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous. Defendant objects to this Request to the extent that the burden, expense, and intrusiveness of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of admissible evidence. Moreover, this Request is so broad in scope as to be annoying and oppressive. Defendant objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege doctrine, the attorney work-product doctrine, and/or any other available privilege or immunity doctrine. Defendant further objects to this Request to the extent it seeks confidential financial, trade secret, proprietary, sensitive business or personal information.

Defendant will not produce documents responsive to this Request as written. Defendant will meet and confer with Plaintiff concerning any appropriate production.

**REQUEST FOR PRODUCTION NO. 20:**

Documents Sufficient to Identify any and all refunds requested and/or given by You in connection with purchases of the Product in New York since September 1, 2019.

**RESPONSES TO REQUEST FOR PRODUCTION NO. 20:**

Defendant incorporates each of the General Objections as if set forth herein. Defendant objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous. Defendant objects to this Request to the extent that the burden, expense, and intrusiveness of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of

17

**RESPONSES TO REQUEST FOR PRODUCTION NO. 33:**

Defendant incorporates each of the General Objections as if set forth herein. Defendant objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous. Defendant objects to this Request to the extent that the burden, expense, and intrusiveness of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of admissible evidence. Defendant objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege doctrine, the attorney work-product doctrine, and/or any other available privilege or immunity doctrine. Defendant further objects to this Request to the extent it seeks confidential financial, trade secret, proprietary, sensitive business or personal information.

Subject to and without waiving the foregoing Preliminary Statement, General Objections, and Specific Objections, Defendant responds as follows: Defendant will conduct a reasonable search to collect, identify, and produce responsive, non-privileged documents within its custody and control sufficient to summarize policies of insurance that provide or may provide coverage for any and/or all of the claims asserted in this action, subject to the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 34:**

Documents Sufficient to Understand your organizational structure.

**RESPONSES TO REQUEST FOR PRODUCTION NO. 34:**

Defendant incorporates each of the General Objections as if set forth herein. Defendant objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous. Defendant objects to this Request to the extent that the burden, expense, and intrusiveness of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of admissible evidence. Moreover, this Request is so broad and unlimited in scope as to be annoying and oppressive. Defendant objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege doctrine, the attorney work-product

doctrine, and/or any other available privilege or immunity doctrine. Defendant further objects to this Request to the extent it seeks confidential financial, trade secret, proprietary, sensitive business or personal information.

Defendant will not produce documents responsive to this Request as written. Defendant will meet and confer with Plaintiff concerning any appropriate production.

**REQUEST FOR PRODUCTION NO. 35:**

Documents Sufficient to Identify the names, titles, most recently known business and residential addresses, scope of responsibilities, and reporting relationships for all Defendant's managers, supervisors, directors, consultants, and owners, with any responsibility concerning the formulation, packaging, labeling, Advertising, and/or Marketing of the Product.

**RESPONSES TO REQUEST FOR PRODUCTION NO. 35:**

Defendant incorporates each of the General Objections as if set forth herein. Defendant objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as vague and ambiguous, including as to the meaning of "managers, supervisors, directors, consultants, and owners." Defendant objects to this Request to the extent that the burden, expense, and intrusiveness of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of admissible evidence. Moreover, this Request is so broad and unlimited in scope as to be annoying and oppressive. Defendant objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege doctrine, the attorney work-product doctrine, and/or any other available privilege or immunity doctrine. Defendant further objects to this Request to the extent it seeks confidential financial, trade secret, proprietary, sensitive business or personal information.

Defendant will not produce documents responsive to this Request as written. Defendant will meet and confer with Plaintiff concerning any appropriate production.

**REQUEST FOR PRODUCTION NO. 36:**

Documents Sufficient to Understand your document preservation and/or retention