USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/11/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GRACEMARIE VENTICINQUE, individually and on behalf of a class of similarly situated persons,

     Plaintiff,

v.

BACK TO NATURE FOODS COMPANY, LLC.,

     Defendant.

Case No.: 1:22-cv-7497 (VEC) (VF)

**AMENDED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

**WHEREAS,** the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. **Confidentiality Designations:**

    a. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

    b. Counsel for any party may further designate documents or information, in whole or in part, as attorneys' eyes only ("AEO") information if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is of such a sensitive nature that disclosure to the opposing party could result in a substantial risk of competitive or commercial harm. Information and documents designated by a party as AEO will be stamped "CONFIDENTIAL – AEO".

1

2. **Use of Confidential and AEO-Designated Information:**

a. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

b. The AEO-Designated Information shall be subject to heightened protection and shall not be disclosed to any person other than those specified in Section 4(b).

3. **Challenging Confidentiality Designations:** In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential or AEO-Designated Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential or AEO-Designated Information.

4. **Access to Confidential Information:**

a. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    i. The requesting party and counsel, including in-house counsel;

    ii. Employees of such counsel assigned to and necessary to assist in the litigation;

    iii. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    iv. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

b. All documents designated as "CONFIDENTIAL – AEO" shall not be disclosed to any person except:

    i. The parties' counsel of record in this action;

    ii. Employees of such counsel assigned to whom it is reasonably

necessary to disclose the information for this litigation and who have signed the agreement to be bound by this Order in the form attached as Exhibit A ;

   iii. Consultants or experts assisting in the prosecution or defense of the matter (1) to whom disclosure is reasonably necessary for the litigation; and (2) who have signed the agreement to be bound by this Order in the form attached as Exhibit A, and (3) has followed the procedures set forth in Section 6(a) below,;

   iv. The Court and its personnel;

   v. Court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the agreement to be bound by this Order in form attached as Exhibit A; and

   vi. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew this information.

 5. **Obligations Prior to Disclosure:** Prior to disclosing or displaying the Confidential or AEO-Designated Information to any person, counsel must:

  a. Inform the person of the confidential nature of the information or documents;

  b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

  c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

 6. **Procedure for Approving or Objecting to Disclosure of AEO-Designated Information:**

  a. Unless otherwise ordered by the Court or agreed to in writing by the party producing the AEO-Designated Information, a party that seeks to disclose to an expert, including any other person as designated in Section 4(b)(iii), any information or item that has been

3

designated "CONFIDENTIAL – AEO" pursuant to Section 4(b) first must make a written request to the party producing the AEO-Designated Information that (1) identifies the general categories of "CONFIDENTIAL – AEO" information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attached a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity for whom the expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with litigation, at any time during the preceding five years[1], and (6) identifies (by name and number of the case, filing date, and location of the court) any litigation in connection with which the expert has offered expert testimony, including through a declaration report, or testimony at a deposition or trial during the preceding five years.

    b. A party that makes a request and provides the information specified in the preceding paragraph may disclose the subject AEO-Designated Information to the expert, or any other person as designated in Section 4(b)(iii), unless within 14 days of delivering the request, the party receives a written objection from the party designating the information as "CONFIDENTIAL – AEO". Any such objection must set forth in detail the grounds on which it is based.

    c. A party that receives a timely objection must meet and confer with the party designating the material as "CONFIDENTIAL – AEO" (through direct voice-to-voice dialogue) to try and resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the party seeking to make a disclosure to the expert, including any other person as designated in Section 4(b)(iii), may file a motion seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in

---

[1] If the expert, including any other person as designated in Section 4(b)(iii), believes any of this information is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the expert shall be available to meet and confer with the party designating the information as "CONFIDENTIAL – AEO" regarding any such engagement.

detail the reasons why the disclosure to the expert is reasonably necessary, assess the risk of the harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e. the extent and content of the meet and confer discussions) and setting forth the reasons advanced by the party designating the material as "CONFIDENTIAL – AEO" for its refusal to approve the disclosure.

7. **No Waiver by Inadvertent Disclosure:** The disclosure of a document or information without designating it as "Confidential" or "Confidential - AEO" shall not constitute a waiver of the right to designate such document or information as Confidential or AEO-Designated Information. If so designated, the document or information shall thenceforth be treated as Confidential or AEO-Designated Information subject to all the terms of this Stipulation and Order.

8. **Protection of Confidential Information:** Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Civil Procedure 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or other information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

9. **Filing Confidential Information with the Court:** Notwithstanding the designation of information as "Confidential" or "Confidential – AEO" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

10. **Disposition of Confidential Information:** At the conclusion of litigation, Confidential and AEO-Designated Information and any copies thereof shall be promptly (and in

no event less than 15 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11.     **Legal Compliance:** Northing herein shall preclude the parties from disclosing material designated to be Confidential or AEO-Designated Information if otherwise required by law or pursuant to a valid subpoena.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: June 9, 2025          /s/ Michael R. Reese
                                          Counsel for Plaintiff

Dated: June 10, 2025         /s/ David Kwasniewski
                                          Counsel for Defendant

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: June 11, 2025

                              HON. VALERIE CAPRONI
                              UNITED STATES DISTRICT JUDGE